UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Municipal Association of South Carolina, | ) | C/A No. 3:02-1880-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AT&T Communications of the Southern States, Inc., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff's motion for partial summary judgment. In 1999, the South Carolina Telecommunications Act of 1999 was passed, authorizing each municipality to impose a business license tax on telecommunications companies based on gross income from services that either originate or terminate within the municipality. Delinquent taxes are subject to a penalty of 5% of the delinquent amount for each month or portion of a month for which the taxes remain unpaid. Although AT&T paid taxes late, it did not pay the associated penalties. The Municipal Association of South Carolina (MASC), which has been authorized by several counties to collect the taxes and penalties on behalf of the counties, is suing to recover the penalties owed by AT&T. Shortly after the action was initiated, the following question concerning state law was certified to the South Carolina Supreme Court: Does South Carolina law allow municipalities to impose by ordinance a 5% per month penalty for late payment of business license tax? The South Carolina Supreme

Court answered the question in the affirmative.

At the time the court certified the question to the South Carolina Supreme Court, there were several motions pending: plaintiff's motion to dismiss the defendant's counterclaims; defendant's motion for partial summary judgment; and various discovery motions. These motions were dismissed without prejudice pending the response from the South Carolina Supreme Court.

After the South Carolina Supreme Court's response was received by this court, the court held a status conference at which time the parties agreed that the motions previously filed with the court should be revived and that no additional briefing would be necessary. After reviewing these motions, the court issued an order granting MASC's motion to dismiss with respect to AT&T's request for a declaration that MASC lacked standing to maintain the action and that the penalties MASC collected are illegal, ultra vires, and without statutory and legal basis. The court denied the remaining motions *without prejudice* and encouraged the parties to refile any motions that were still relevant.

The defendant filed a motion to compel discovery on February 11, 2005. The plaintiff responded and filed a motion to stay discovery or, in the alternative, for a protective order on February 25, 2005, along with a motion for partial summary judgment. The defendant filed a supplemental motion to compel discovery on March 14, 2004, along with a motion to strike or continue MASC's motion for partial summary judgment. The plaintiff filed a motion to enlarge time for MASC to respond to AT&T's counterclaims.

The plaintiff has requested oral argument on the motions currently pending before the

2

court. However, having reviewed the motions and memoranda filed in this case, along with applicable case law, the court finds that oral argument would not aid the court in its decisional process.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the plaintiff is the moving party and the defendant has the ultimate burden of proof on an issue, the plaintiff must identify the parts of the record that demonstrate the defendant lacks sufficient evidence. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

DISCUSSION

In its motion for partial summary judgment, the plaintiff requests summary judgment on the following issues: 1) whether the penalties MASC seeks to collect constitute an unlawful taking; and 2) whether MASC is a governmental decision maker where it has a direct pecuniary interest in its decision and whether MASC is biased in this role.

*a. Unlawful Taking*

MASC argues that there has been no taking, because no property interest has been invaded or seized. AT&T is only challenging the penalty fees. MASC can only recover these penalties in an action to collect the debt. Thus, according to MASC, AT&T has not been deprived of property and the present action provides pre-deprivation due process of law.

AT&T argues that the South Carolina statutes related to the imposition and collection of business license fees are unconstitutional under the principles set forth in *McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, Dep't. of Business Regulation of Florida,* 496 U.S. 18 (1990), in violation of the Due Process Clause. In *McKesson*, a Florida liquor tax was challenged under the commerce clause on the grounds that it discriminated against interstate commerce. The United States Supreme Court held: "When a State penalizes taxpayers for failure to remit their taxes in timely fashion, thus requiring them to pay first before obtaining review of the tax's validity, federal due process principles long recognized by our cases require the State's post-deprivation procedure to provide a 'clear and certain remedy' for the deprivation of tax moneys in an unconstitutional manner." *Id*. at 51 (internal citations omitted). In *McKesson*, the state court found the tax to be unconstitutional, but denied

retrospective relief in the form of a refund. The Supreme Court found that the state must provide meaningful relief, either by way of refund or by requiring the parties who benefitted under the unconstitutional tax scheme to pay taxes at the rate paid by the out of state dealers. *McKesson* chronicles cases which pointed to this resolution.

In the cases cited in *McKesson*, the taxes were found unconstitutional or in violation of federal law separate and apart from the fact that there was no remedy. AT&T is arguing that the tax is unconstitutional because there is no remedy.[1]

AT&T has previously asserted that it is not challenging the business license tax, only the late penalties. *See* AT&T's Memorandum in Opposition to MASC's Motion to Dismiss Counterclaims and in Support of its Motion for Summary Judgment, filed August 16, 2002 at 1-2 ("AT&T has paid the underlying taxes voluntarily and does not challenge them. . . . AT&T objects only to the imposition [of] (sic) . . . penalties"). Therefore, the issue of whether the tax itself is unconstitutional is not properly before the court.

The issue that is before the court is whether the penalties that MASC seeks to collect

---

[1] In arguing that the business license fees are unconstitutional, AT&T also points to an unpublished 1999 decision by Judge G. Ross Anderson finding that the Federal Tax Injunction Act would not deprive the federal court of jurisdiction because the statute provides no predeprivation or postdeprivation remedy for a taxpayer challenging one of these ordinances. *BellSouth Telecommunications Inc. v. City of Seneca*, C/A No. 8:98-3451-13, Order dated April 28, 1999. AT&T asserts that this clearly shows that the statute is unconstitutional. However, the order in *Seneca* did not address the merits of the claim that the ordinance was unconstitutional, but merely found that the Tax Injunction Act did not divest the court of subject matter jurisdiction because there was no "plain, speedy, and efficient remedy" available under South Carolina law as it existed at that time. That case settled before a final resolution to the issue of the constitutionality of the ordinance was reached. The court finds that this case is inapplicable to the issues before the court.

from AT&T constitute an unlawful taking in violation of due process under the Fifth and Fourteenth Amendments of the United States Constitution. MASC has only two methods of collecting these penalties; either the taxpayer may pay the penalty voluntarily, or MASC may sue the taxpayer in an action to collect a debt. In this case, MASC has sued AT&T to collect the debt it claims AT&T owes. MASC has not collected any of the penalties at issue in this case. Therefore, there has been no deprivation to date. "An essential principle of due process is that a deprivation of life, liberty or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). The court finds that the opportunity to be heard by this court prior to a deprivation of penalties for late payment will provide AT&T with due process sufficient to withstand a claim that the penalties sought to be collected will constitute an unlawful taking. MASC's motion for partial summary judgment on this issue is granted.

*b. Neutral and Unbiased Decision Maker*

MASC argues that the question of whether it is a neutral and unbiased decision maker is irrelevant because this court is the neutral and unbiased decision maker in this dispute. MASC argues that the due process requirement of a neutral and unbiased decision maker applies only to adjudications and not administrators. MASC asserts that it is acting in the role of prosecutor, rather than adjudicator, and as such is not subject to the strict requirements of neutrality and lack of bias.

AT&T argues that *Marshall v. Jerrico*, 446 U.S. 238 (1980), requires that agents

assessing and collecting such penalties should not have a direct and substantial pecuniary interest in the amount of civil penalties. AT&T further argues that the fact that MASC collects the fees and civil penalties under a 4% contingency fee contract with the municipalities it represents constitutes an impermissible bias which violates AT&T's due process rights.

*Marshall v. Jerrico* distinguished between decision makers who were acting in a judicial or quasi-judicial capacity and those who were acting in a prosecutorial capacity. *Id.* at 243-44. The Court found that when the decision maker is acting in a prosecutorial capacity, the strict requirements of neutrality and lack of bias are not implicated. *Id.* at 248. While the Court acknowledged that in some circumstances of improper motivation, prosecutorial discretion would be scrutinized, that threshold is much higher than the threshold the court has applied in cases involving judicial bias. *Id.* at 249-50.

In the present case, MASC is acting in a prosecutorial capacity, rather than an adjudicative capacity. "Where an initial determination is made by a party acting in an enforcement capacity, due process may be satisfied by providing for a neutral adjudicator to 'conduct a *de novo* review of all factual and legal issues." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California*, 508 U.S. 602, 618 (1993). Because MASC must bring an action to collect the debt they allege is owed for penalties on late fees, the court must determine whether that debt is owed, and, if so, how much it is. Therefore, the initial determination that a debt is owed and the amount of that debt is necessarily reviewed *de novo* by a neutral and unbiased adjudicator—this court. The court finds that this process does not deprive AT&T of due process. Therefore, the court grants

MASC's motion for partial summary judgment on the issue of whether MASC acts as a governmental decision maker in matters where it has a direct pecuniary interest in the decision it makes and whether in this alleged role MASC is acting as an unbiased decision maker in violation of AT&T's rights of equal protection and due process of law.

CONCLUSION

The plaintiff's motion for partial summary judgment is granted. The court also finds that defendant's motion to strike or continue MASC's motion for partial summary judgment is moot. Therefore, this motion is denied with prejudice. Furthermore, defendant's motion to compel and defendant's supplemental motion to compel each seek information tangentially related to the claims discussed above. Therefore, these motions are moot and the court denies them with prejudice. The plaintiff has filed a motion to stay discovery and/or for a protective order from pending or further discovery by AT&T pending a decision on plaintiff's motion for summary judgment. This motion is moot and is therefore denied with prejudice.

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.
United States District Judge

April 22, 2005
Columbia, South Carolina